UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CLEVELAND MITCHELL III,

    Petitioner,

v                                                                   Case No. 4:05-cv-58

KURT JONES, Warden, and                            Hon. Wendell A. Miles
PATRICIA L. CARUSO,
Chief Administrator of the MDOC,

    Respondents.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On September 2, 2008, United States Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation ("R & R") recommending that Robert Cleveland Mitchell III's petition for writ of habeas corpus be denied. Petitioner has filed objections to the R & R. The court, having reviewed the R & R filed by the United States Magistrate Judge in this action as well as the amended petition, the respondents' answer, and the relevant portions of the file, agrees with the recommended disposition contained in the R & R.

The bulk of petitioner's objections is directed to the Magistrate Judge's analysis of petitioner's claim that the prosecution's presentation of a tape recording of a 911 call made by the victim's daughter-in-law violated his constitutional rights. Petitioner argues that the Magistrate Judge erred in analyzing this due process claim as one based on "false testimony" as opposed to "false evidence." According to petitioner, his claim has nothing to do with

supposedly perjured testimony by the victim and her daughter-in-law, but instead involves the presentation of the 911 tape, which petitioner argues was "false and fabricated." Under the circumstances, petitioner argues, the Magistrate Judge applied the wrong analysis in addressing this claim.

Without question, "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." Napue v. Illinois, 360 U.S. 264, 269 (1959) (citations omitted). " The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." Id. Here, the Magistrate Judge applied the proper analysis to petitioner's claim, and reached a correct result.

To the extent that petitioner contends that the 911 tape was somehow staged or altered, he has not pointed to any evidence indicating that the tape was not authentic. It is noted that at trial, defense counsel did not object to the prosecution's playing of the 911 tape, which was presented during the testimony of the 911 dispatcher. Transcript of Jury Trial, Vol. III, Feb. 21, 2002 (docket no. 30) at 55-57. At one point during the cross-examination of the victim's daughter-in-law, Nicole Sparks, who testified immediately before the dispatcher, defense counsel even indicated that he himself wanted to play the tape for the jury. Id. at 53. In addition, although Sparks testified that she did not remember everything she said to the dispatcher during the 911 call, id. at 52, she also repeatedly testified that before she made the call, her mother-in-law had identified petitioner as the person who had injured her. Id. at 30, 45. Sparks also testified that she told the dispatcher it was petitioner who had beaten her mother-in-law. Id. at 33. Because petitioner has failed to demonstrate that the tape of the 911 call was

2

anything other than what it purported to be, i.e., an actual recording of the call made by Sparks, the Magistrate Judge was correct in concluding that petitioner had entirely failed to demonstrate that the prosecution's use of the tape violated petitioner's right to due process.

The remainder of petitioner's objections to the R & R are similarly without merit. The court takes the occasion here to mention only one of these additional objections: that the court never ruled on petitioner's motion for evidentiary hearing and appointment of counsel. On April 25, 2007, petitioner filed a "Motion for Federal Evidentiary Hearing and Appointment of Counsel" (docket no. 54), seeking a hearing on the issue of ineffective assistance of counsel. On May 4, 2007, the Magistrate Judge entered an order denying petitioner's request for appointment of counsel (docket no. 55). In his order, the Magistrate Judge also indicated that the court could appoint counsel at a future time if an evidentiary hearing was necessary "or if other circumstances warrant." Therefore, although the order did not expressly deny petitioner's motion for evidentiary hearing, the denial was implied.[1]

The Magistrate Judge did not err in failing to grant petitioner an evidentiary hearing. The Antiterrorism and Effective Death Penalty Act ("AEDPA") has greatly curtailed federal habeas court discretion to conduct evidentiary hearings. "AEDPA generally prohibits federal habeas courts from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 n.1 (2007) (citing 28 U.S.C. § 2254(e)(2)). "If a habeas petitioner has 'failed to develop the factual basis of

---

[1] Although the record indicates that petitioner was mailed a copy of the court's order on the date it was entered, petitioner nonetheless filed a "Supplemental Memorandum" (docket no. 56) in support of his motion more than four months later.

a claim in State court proceedings,' he can only get an evidentiary hearing in federal district court on that claim in extremely narrow circumstances." Alley v. Bell, 307 F.3d 380, 389 (6th Cir. 2002). None of these circumstances are applicable here. See 28 U.S.C. § 2254(e)(2).[2]

Assuming that petitioner could avoid the 28 U.S.C. § 2254(e)(2) bar, the court nonetheless concludes that petitioner has not alleged sufficient facts to warrant an evidentiary hearing on the issue of ineffective assistance of counsel. The Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro, 127 S.Ct. at 1940. Here, petitioner sought an evidentiary hearing on the issue of counsel's performance, namely, counsel's action (or inaction) in failing to provide certain documents to the prosecution. However, the Magistrate Judge properly disposed of petitioner's ineffective-assistance claim on the second prong of the two-prong test established by Strickland v. Washington, 466 U.S. 668 (1984), concluding that petitioner could not demonstrate the he was prejudiced by counsel's alleged errors.[3] Under the circumstances, an evidentiary hearing directed to the first prong of

---

[2]Section 2254(e)(2) provides that if a petitioner has failed to develop the factual basis of a claim in State court, the court shall not hold an evidentiary hearing on the claim unless the petitioner shows that the claim relies on either a new rule of constitutional law previously unavailable, or a factual predicate that could not have been previously discovered through the exercise of due diligence.

[3]To prevail on a claim of ineffective assistance, the petitioner must satisfy two requirements: (1) he must demonstrate that his counsel's performance was constitutionally deficient, i.e., that it fell below an objective standard of reasonableness; and (2) the petitioner must affirmatively prove prejudice. Strickland v. Washington, 466 U.S. 668, 687-694 (1984). The latter requires him to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

the *Strickland* test – counsel's performance – would not enable petitioner to succeed on his claim even if he could satisfy the requirements of section 2254(e)(2).

The court adopts the Magistrate Judge's R & R as the decision of the court. Judgment will be entered accordingly.

Entered this 5th day of December, 2008.

      /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge